## ETTER v MULLET

Ohio Appeals, 5th Dist, Stark Co
No. 1151. Decided May 8, 1931

C. S. McDowell, Canton, and W. E. Himebaugh, for Etter.
A. L. Helling, Canton, for Mullet.

**LEMERT, J.**

The action was brought to recover damages for malicious prosecution. It was admitted in the pleadings that the prosecution was instituted by the defendant below and that it had terminated favorably to the plaintiff below. The main and only question of importance in the case in the court below and in the error proceedings now before this court is whether or not the defendant had reasonable and probable cause for the institution of the proceedings, this being purely a question of fact to be determined by a jury, under proper instructions from the court.

Considering the above proposition, we note from an examination of the record in the court below, on page 7 of the record, the following: During the course of the examination of the defendant below, he was asked:

"Q. How did you happen to have Levi Mullett arrested then?

A. Because we thought it was him, because he is a brother-in-law.

Q. You thought it was him because he is a brother-in-law of Emanuel Hershberger?

A. Yes."

And again, on page 53 of the record, in the cross-examination of the defendant below, the following appears:

"Q. The only reason you filed an affidavit against Mullett was because you knew there were two men and you knew one of them was Hershberger and you figured the other was his brother-in-law?

A. Yes."

Keeping in mind that the above answers were made by the defendant himself, then the question naturally presents itself whether or not the defendant below had probable cause for making or causing the arrest of the plaintiff below. We have noted with considerable care the charge of the court upon the matter of probable cause and we find that the charge was eminently fair, plain, clear and explicit, and that the charge of the court was free from error and the court made it plain and clear that the burden throughout the whole case rested upon the plaintiff below to establish three things, to-wit: arrest without probable cause, arrest maliciously, and damages arising therefrom. The jury and the trial court each had the opportunity to see all the witnesses who testified and to observe their manner and demeanor, and to appraise their respective interests in the outcome of the case in the court below, the record disclosing that the plaintiff below was a married man, living with his wife, and that he was the father of two small children; that he had never been arrested before; that he was lodged in the Stark County Jail early on Monday evening and remained there until the following Friday. The jury returned a verdict in the sum of $1,000.00 in favor of the plaintiff below and we find and believe, from an examination of the entire record in the court below, that the verdict of the jury was reasonable and that there is nothing in the record before us where in we would be warranted in finding that the verdict of the jury is manifestly against the weight of the evidence. We find and hold otherwise.

Therefore, it follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.